

ZEFF LAW FIRM LLC
Gregg L. Zeff, Esquire # 52648
Eva C. Zelson, Esquire #320699
100 Century Parkway, Suite 205
Mount Laurel, NJ 08054
(T) (856) 778-9700
(F) (856)702-6640
Gzeff@glzefflaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN CHANCY<br>1725 Wilderness Road<br>Lancaster, PA 17603 | : <br> : <br> : | 18   4422 |
| *Plaintiff,* | : <br> : <br> : | |
| v.<br>UGI UTILITIES, Inc d.b.a UGI<br>CENTRAL PENN GAS<br>2525 North 12TH Street<br>Reading, PA 19603 | : <br> : <br> : <br> : <br> : | COMPLAINT AND JURY DEMAND |
| *Defendants.* | : <br> : | Civil Action No. |

## CIVIL ACTION

Plaintiff, Norman Chancy, by and through his attorneys, brings this civil matter against Defendant UGI Utilities, INC d.b.a Central Penn Gas alleging he was subjected to unlawful violations of Title VII of the Civil Rights Acts of 1964 ("VII"), the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), and 42 U.S.C. § 1981 avers and alleges as follows:

## THE PARTIES

1. Plaintiff Norman Chancy (hereinafter "Plaintiff") is an African American male and resides at the above-captioned address.
2. Plaintiff was born on September 11, 1964, and is currently fifty-four (54) years old.
3. Defendant UGI Utilities, Inc. d.b.a UGI Central Penn Gas (hereinafter "Defendant") is a gas company with a location at the above-captioned address.
4. At all times relevant herein, Defendant had over 200 employees.
5. Plaintiff was employed by Defendant and worked at the above listed Reading, Pennsylvania address from the year 2000 until his termination on July 24, 2017.

1

6. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job responsibilities.

**JURISDICTION AND VENUE**

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff exhausted his administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

12. On or around April 10, 2018, Plaintiff filed a timely written Charge of Discrimination (the "Charge") against Defendant with the Equal Employment Opportunity Commission

("EEOC") alleging race discrimination, age discrimination and retaliation.

13. The charge was duly filed with the Pennsylvania Human Relations Commission (PHRC").

14. Plaintiff received a Notice of Right to Sue relative to the Charge, by mail, on July 20, 2018.

15. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Notice of Right to Sue letter relative to the Charge.

**FACTUAL SUMMARY**

16. Plaintiff began working for Defendant in or around 2000.

17. Plaintiff was qualified for his position and performed well.

18. Plaintiff received consistently positive evaluations throughout the entirety of his employment, and never received a negative evaluation.

19. Throughout the entirety of his employment with Defendant, Plaintiff For over ten (10) years, Plaintiff received no major disciplinary actions, complaints or reprimands.

20. At all times relevant herein, Plaintiff was the member of a union. As such, pursuant to the applicable Collective Bargaining Agreement, Defendant was not free to terminate Plaintiff's employment without first documenting supposed disciplinary infractions committed by Plaintiff.

21. Throughout his employment, Plaintiff repeatedly witnessed African-American employees and employees aged forty (40) and older being denied promotions and training.

22. Plaintiff himself was denied multiple promotions. The promotions Plaintiff sought were instead awarded to Caucasian employees who were younger than Plaintiff.

23. In or around February 23, 2017, Plaintiff met with several managers of Defendant,

including the head of Defendant's Human Resources Department, to complain about the race and age discrimination that had prevented Plaintiff from obtaining promotions.

24. Defendant took no corrective action in response to this internal complaint of discrimination.

25. On April 20, 2017, Defendant subjected Plaintiff to a written warning regarding Plaintiff's supposed work error.

26. Employees who were Caucasian and/or younger than Plaintiff had committed the same error and received no discipline.

27. On June 29, 2017, Plaintiff submitted a written complaint to Human Resources. The complaint alleged that Plaintiff had been and was subjected to discrimination within Defendant.

28. Defendant took no corrective action in response to this complaint.

29. On July 2, 2017 there was an explosion which claimed the life of one of the employees of Defendant.

30. Plaintiff, who was on call but not actively working at the time, was called to the scene of the explosion.

31. Plaintiff did not receive the call to the scene in a timely manner. As a result, Plaintiff allegedly arrived late to the scene.

32. Other employees also allegedly arrived late to the scene.

33. These employees, who were Caucasian and/or younger than Plaintiff, received either no discipline or minor reprimands.

34. On July 24, 2017, Defendant terminated Plaintiff's employment for the stated reason that Plaintiff had arrived late to the scene on July 2, 2017.

35. Defendant's stated reason for terminating Plaintiff was false, and was pretext for discrimination and retaliation.

## COUNT I- RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

36. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set froth more fully at length herein.

37. Plaintiff engaged in activity protected by Title VII.

38. Plaintiff complained of discrimination internally.

39. Thereafter, Defendant took adverse employment actions against Plaintiff, including but not limited to, terminating his employment.

40. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment actions.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II- RETALIATION
## THE PENNSYLVANIA HUMAN RELATIONS ACT

41. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

42. Plaintiff engaged in activity protected by the Pennsylvania Human Relations Act.

43. Plaintiff complained of discrimination internally.

44. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, terminating him.

45. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III- RACE DISCRIMINATION- DISPARATE TREATMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

46. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

47. Plaintiff is a member of protected classes in that he is African-American.

48. Plaintiff was qualified to perform his job for which he was hired.

49. Plaintiff suffered adverse job actions, including, but not limited to, termination.

50. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

51. Defendant discriminated against Plaintiff on the basis of race.

52. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

53. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV- RACE DISCRIMINATION- DISPARATE TREATMENT
### THE PENNSYLVANIA HUMAN RELATIONS ACT

54. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length.

55. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race.

56. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

6

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V
## 42 U.S.C. § 1981

57. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

58. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant.

59. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff as a result of his race (African-American) and thereby deny him the benefits of the contractual relationship he had entered with Defendant.

60. Defendant's discriminatory conduct included, but was not limited to, termination as a result of Plaintiff's race and in retaliation for his complaints of race discrimination.

61. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI- AGE DISCRIMINATION-DISPARATE TREATMENT
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED

62. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

63. Plaintiff is a member of protected classes in that he was aged forty (40) or over during the majority of his employment with Defendant, and at the time he was terminated from employment.

64. Plaintiff was qualified to perform the job for which he was hired.

65. Plaintiff suffered adverse job actions, including, but not limited to, termination.

66. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

67. Defendant discriminated against Plaintiff on the basis of age.

68. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

69. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VII- AGE DISCRIMINATION-DISPARATE TREATMENT
### THE PENNSYLVANIA HUMAN RELATIONS ACT

70. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

71. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

72. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Norman Chancy, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant's unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

8

(d) Liquidated damages;

(e) Emotional pain and suffering;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgement interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs, and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of TITLE VII, the PHRA, the ADEA and Section 1981.

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

ZEFF LAW FIRM LLC

By: w/ _____
Gregg L. Zeff, Esquire
Eva C. Zelson, Esquire
*Attorneys for Plaintiff*

Dated: October 12, 2018

## JURY TRIAL DEMANDED

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

ZEFF LAW FIRM, LLC

By: _____

Gregg L. Zeff, Esquire
Eva C. Zelson, Esquire
*Attorneys for Plaintiff*

Dated: October 12, 2018

10

JS 44 (Rev. 08/16)  **CIVIL COVER SHEET**  18-4422

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Norman Chancy

### DEFENDANTS
UGI Utilities, Inc d.b.a. UGI Central Penn Gas

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Berks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zeff Law Firm, LLC
100 Century Parkway, Suite 305, Mt. Laurel, NJ 08054
(856) 778-9700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

OCT 15 2018

DATE: 10/12/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18  4422

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1725 Wilderness Road, Lancaster, PA 17603

Address of Defendant: 2525 North 12th Street, Reading, PA 19603

Place of Accident, Incident or Transaction: Berks County, PA

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/12/2018       _____       52648
                       *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
   1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
   2. [ ] FELA
   3. [ ] Jones Act-Personal Injury
   4. [ ] Antitrust
   5. [ ] Patent
   6. [ ] Labor-Management Relations
   7. [✓] Civil Rights
   8. [ ] Habeas Corpus
   9. [ ] Securities Act(s) Cases
   10. [ ] Social Security Review Cases
   11. [ ] All other Federal Question Cases
       *(Please specify)* _____

B. *Diversity Jurisdiction Cases:*
   1. [ ] Insurance Contract and Other Contracts
   2. [ ] Airplane Personal Injury
   3. [ ] Assault, Defamation
   4. [ ] Marine Personal Injury
   5. [ ] Motor Vehicle Personal Injury
   6. [ ] Other Personal Injury *(Please specify)* _____
   7. [ ] Products Liability
   8. [ ] Products Liability – Asbestos
   9. [ ] All other Diversity Cases
       *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Gregg L. Zeff, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

[ ] Relief other than monetary damages is sought.

OCT 15 2018

DATE: 10/12/2018       _____       52648
                       *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Normam Chancy | : | CIVIL ACTION |
| v. | : | |
| UGI Utilities, Inc d.b.a UGI Central Penn Gas | : | 18   4422 |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 10/12/2018 | Gregg L. Zeff, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (856) 778-9700 | (856) 702-6640 | gzeff@glzefflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 15 2018